

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**



| | | |
|---|---|---|
| AMPA PUNYEE on behalf of her minor child JOHN DOE, PONGSRI SURINPOA on behalf of her minor child JOHN DOE2, AND PRANOM SEANMAI on behalf of his minor child JOHN DOE3, | § § § § § | |
| Plaintiff, | § | Civil Action No. 3:04-CV-893-G |
| vs. ORIGINAL | § § § | |
| NICHOLAS BREDIMUS, Defendant. | § § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**MOTION TO RELIEVE PLAINTIFF FROM THE COURT'S JUDGMENT**
**DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT THEREOF**

Defendant Nicholas Bredimus ("Bredimus" or "Defendant") files this his Response to Plaintiffs' Motion to Relieve Plaintiff from the Court's Judgment Dated November 29, 2004 and would show as follows:

## *Table of Contents*

*Page*

*Introduction* ................................................................................. 1

*Summary of Response* ................................................................ 1

*Objections to Affidavit of Raul Loya*........................................ 2

*Plaintiffs' Motion and Proof is Insufficient*.............................. 3

*18 U.S.C. §2255 Claims* ............................................................ 4

*The California District Court Ruling*......................................... 7

*Rule 60 Requirements Not Met*.................................................. 7

*Conclusion and Prayer*.............................................................. 8

*Certificate of Service*................................................................. 9

*Table of Authorities*

*Cases*                                                                                                   **Page**

*In re: Air Crash Disaster Near New Orleans, L.A.*

    821 F.2d 1147 (5th Cir. 1987)............................................................. 6

*Baltimore & O.R. Co. v. Kepner*, 314 U.S. 44 (1941) ................................ 7

*Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743 (5th Cir. 1995)..................... 8

*Capital Currency Exchange, N.V. v. National Westminster Bank PLC,*
    155 F.3d 603 (2nd Cir. 1998).............................................................. 5

*Creative Tech Ltd. v. Aztech Sys. PTE., Ltd.*, 631 F.3d 696 (9th Cir. 1995).. 6

*Gazis v. John S. Latsis (USA )Inc.*, 729 F.Supp. 979 (S.D.N.Y. 1990) ........ 7

*Gonzalez v. Chrysler Corp.*, 301 F.3d 377 (5th Cir. 2002)

    cert denied; 538 U.S. 1012 (2003) .................................................... 4

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501,

    67 S.Ct. 839, 91 L.Ed. 1005 (1947) ................................................... 5

*Howe v. Goldcorp., Inv., Ltd.*, 946 F.2d 944 (1st Cir. 1991)........................ 5

*Lueck v. Sunstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) ........................... 6

*McMillan v. M Bank Fort Worth*, 4 F.3d 362 (5th Cir. 1993)...................... 8

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)...................................... 6

*PT United Can Co. v. Crown Cork & Seal Co.,*138 F.3d 65 (2nd Cir. 1998) 5

*Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127 (2nd Cir. 1987) .............. 5

*Vasquez v. Bridgestone-Firestone, Inc.*, 325 F.3d 665 (5th Cir. 2003) ........ 4

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM
THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT
THEREOF

            iii

*Statute of Rules*                                                          *Page*

Federal Rule of Civil Procedure 60...........................................................7

Federal Rule of Evidence 702................................................................. 2,3

18 U.S.C. §2255................................................................................1,4,5

18 U.S.C. §2423................................................................................1

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM
THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT
THEREOF

### *Introduction*

1.    On November 5, 2004 the Court issued its Memorandum Order granting Defendant's Motion to Dismiss on Grounds of *Forum Non Conveniens*. Judgment based on the Court's Memorandum Order and Opinion was entered on November 29, 2004. The judgment allowed Plaintiffs' filing of suit in Thailand within 120 days from the date of judgment.  Thereafter, Plaintiffs moved for and received an extension for filing until June 6, 2005.

2.    Plaintiffs' motion for relief from the judgment is pursuant to Federal Rule of Civil Procedure 60 and asks for relief from that judgment based upon Plaintiffs' allegation that there is no adequate remedy available to Plaintiffs in Thailand.  Plaintiffs also now wish to amend their complaint to include a cause of action under 18 U.S.C. §2255.[1]

### *Summary of Response*

3.    Plaintiffs' motion should be denied because (1) Plaintiffs have not established that Thailand is not an available or adequate forum, (2) Plaintiffs should not be allowed to amend their complaint six months after judgment to add a cause of action under 18 U.S.C. §2255, (3) if they were so allowed, the addition of a Section 2255 claim does not change the result related to *forum non conveniens* issues, and (4) the Court's Memorandum Order dated November 5, 2004 correctly determined that this suit should be dismissed on grounds of *forum non conveniens* after extensive consideration of the

---

[1] 18 U.S.C. §2255 provides a civil remedy for personal injuries to victims of violations of several statutes involving child sex and pornography, including violations of 18 U.S.C. §2423.  This statute allows recovery of actual damages deemed to be not less than $50,000 and attorneys fees.

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT THEREOF

1

adequacy of the Thai forum and the private and public interest factors which weigh heavily in favor of dismissal.

### Objections to Affidavit of Raul Loya

4.      Defendant objects to the affidavit of Raul Loya as follows:

A.      Paragraph 3 of the affidavit states that Loya has discovered that the maximum recovery available to Plaintiffs is 1 million Baht ($25,000 US). The statement is clearly not based on Loya's personal knowledge and constitutes hearsay. It also purports to render an opinion without demonstration of the requirements under Rule 702 of the Federal Rules of Evidence.

B.      Defendant objects to paragraph 4 of Loya's affidavit wherein he states that 1 million Baht is a "relatively small sum by Thai standards." Defendant further objects to Loya's statement in paragraph 4 that none of the referenced attorneys were interested in representing Plaintiffs in a lawsuit in Thailand due to the low recovery in Thai law. These statements are not based on personal knowledge and are hearsay.

C.      Defendant objects to paragraph 5 of the affidavit stating that a member of the Supreme Court of Thailand "mentioned that the personal injury case in all probability be summarily dismissed." Again, Loya has no personal knowledge concerning the matter. The statement is hearsay and purports to render an opinion without demonstration of any of the elements of Rule 702. It is also mere

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT THEREOF

2



speculation provided without any basis for the opinion, and it contradicts Loya's assertion that a recovery would be $25,000.

D.       Defendant also objects to paragraphs 6 and 7 of the Loya affidavit wherein he concludes that (1) Plaintiffs will be unable to find representation in Thailand for their claims, and (2) Thailand will not afford an adequate forum for recovery. Loya's conclusions are not the subject of proper expert testimony pursuant to Rule 702.   He is not qualified as an expert by knowledge, skill, experience, training or education on Thai law.   Further, his testimony is clearly neither based on sufficient facts or data, nor is it the product of reliable principles.   His affidavit is based on a one-week visit to Thailand and alleged conversations with two Thai lawyers and one judge.

### *Plaintiffs' Motion and Proof is Insufficient*

5.       Loya's affidavit does not establish that the Thai forum is inadequate or that Plaintiffs cannot obtain Thai representation.   Loya waited six months after the judgment and almost three months after the Court extended the time for filing in Thailand to visit Thailand in search of local attorneys.   His affidavit recites that he met with only two named attorneys and several others who he claims were not interested in representing Plaintiffs in Thailand.   These few meetings with attorneys do not demonstrate that legal representation is unavailable.

6.       Loya's statement that one million Baht is a relatively small sum by Thai standards is both unsupported and wrong.   According to Bank of Thailand reports, the 2002 average annual per capita income in the northern region of Thailand, including the Chiang Rai

---

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT THEREOF

province, was 43,987 Baht (approximately $1,100), well below the national average of 85, 951 Baht (approximately $2,100). See Appendix, page 1. Thus, if Loya's statement that one million Baht ($25,000 U.S.) is the recovery available to the Plaintiffs in Thailand is taken as correct, that amount represents approximately twenty times the average yearly income in the Thai province wherein the alleged conduct occurred and ten times the national average.

7.      Plaintiffs' argument that $25,000 U.S. is inadequate also flies in the face of the case law under the doctrine of *forum non conveniens*. Neither the fact that damages may be severely limited in the alternative forum, nor that all causes of action are not available render the alternative forum inadequate. *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 381 (5th Cir. 2002) cert denied; 538 U.S. 1012 (2003). In *Gonzalez*, the 5th Circuit rejected the contention that Mexico's severe limitation on damages and the unavailability of the theory of strict liability, even to the point where a lawsuit may cease to be economically viable, rendered the forum inadequate. In *Vasquez v. Bridgestone-Firestone, Inc.*, 325 F.3d 665 (5th Cir. 2003), the 5th Circuit held that Mexico was an appropriate forum in spite of expert testimony that the law of Nuevo Leon limited wrongful liability to approximately $5,700 plus unspecified "moral damages" as compensation for, among other things, mental anguish. *Vasquez*, 325 F.3d at 671. Plaintiffs' potential recovery of $25,000 in Thailand demonstrates the adequacy of the forum.

### *18 U.S.C. §2255 Claims*

8.      Plaintiffs' request to amend and add a claim under 18 U.S.C. §2255 is not only untimely, but it should not change the analysis or result with regard to the *forum non*

---

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT THEREOF

*conveniens* issue. If Plaintiffs are now allowed to add a claim for damages under Section 2255, a claim not available under Thai law, it does not provide reason for the Court to retain jurisdiction.   The doctrine of *forum non conveniens* applies to cases involving federal question jurisdiction where plaintiffs allege causes of action under United States federal statutes.   See *Capital Currency Exchange, N.V. v. National Westminster Bank PLC*, 155 F.3d 603 (2nd Cir. 1998); and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1005 (1947).

9.     In *Capital Currency Exchange,* dismissal of antitrust suits under the *forum non conveniens* doctrine was upheld.   The Second Circuit Court of Appeals found that England was a more convenient forum in spite of the fact that English courts would not enforce the Sherman Act.   A *forum non conveniens* dismissal is not trumped simply because the foreign forum will apply different substantive law than an American court. *Capital Currency Exchange,* 155 F.3d at 609. The availability of an adequate forum does not depend on the existence of an identical cause of action in the other forum. *Id.*

10.     As long as Plaintiffs may litigate the subject matter of their U.S. statutory claims in the other forum, it is an adequate forum. *Id.* at 609 citing *PT United Can Co. v. Crown Cork & Seal Co.,* 138 F.3d 65, 74 (2nd Cir. 1998) (dismissal proper although RICO claims could not be brought in alternative forum where fraud claim was available); *Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 129-30 (2nd Cir. 1987) (dismissal of RICO claims under *forum non conveniens* proper despite the fact that RICO statute has "special venue" provision); and *Howe v. Goldcorp., Inv., Ltd.,* 946 F.2d 944, 952 (1st Cir. 1991) (dismissal proper although U.S. securities law claims could not be brought in

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT THEREOF

5

alternative forum).

11. The subject matter of Plaintiffs' claims is sexual abuse. They seek damages for personal injury, medical expenses and emotional suffering. As set forth in the affidavit of Chaninet Leeds, Plaintiffs have available causes of action for damages relating to the subject matter of their claims. See Affidavit of Chaninat Leeds, paragraphs 5-7. Appendix to Defendant's Motion to Dismiss, pages 3-4.

12. Plaintiffs cite *Lueck v. Sunstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) and *Creative Tech Ltd. v. Aztech Sys. PTE., Ltd.*, 631 F.3d 696 (9th Cir. 1995) for the propositions that dismissal on the grounds of *forum non conveniens* requires the court to engage in choice of law analysis and that *forum non conveniens* does not apply when a federal statute maintains venue in a United States district court. Plaintiffs' Motion for Relief from Judgment, pg. 5. Plaintiffs then correctly recognize that the Fifth Circuit has held that federal courts should avoid exercises in choices of law or comparative law when addressing issues of *forum non conveniens*. *In re: Air Crash Disaster Near New Orleans, L.A.* 821 F.2d 1147, 1163 (5th Cir. 1987). The Court need not perform a choice of law analysis before determining whether a case should be dismissed on *forum non conveniens* grounds. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981).

13. In both *Lueck* and *Creative Technology,* dismissals based on *forum non conveniens* were upheld. In *Lueck*, the Ninth Circuit Court of Appeals indicated that choice of law analysis is only determinative when the case involves a United States statute requiring venue in the United States. Section 2255 allows suit to be brought in any appropriate U.S. District Court, but it does not mandate venue in the United States.

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT THEREOF

6

14.    Plaintiffs also cite *Baltimore & O.R. Co. v. Kepner*, 314 U.S. 44 (1941) which held that a special venue provision in the Federal Employers' Liability Act could not be the subject of a *forum non conveniens* dismissal. *Kepner* was overruled by the enactment of 28 U.S.C. §1404(a) allowing district courts to transfer cases to any other district where it might have originally been brought. See *Gazis v. John S. Latsis (USA) Inc.*, 729 F. Supp. 979, 987 (S.D.N.Y. 1990). (district court has discretion to dismiss case under Jones Act even if foreign tribunal would be unlikely to apply the Act).

### The California District Court Ruling

15.    Plaintiffs' reliance on the March 29, 2005 minute ruling in *Roe v. White*, No. C-03-4035-CRB, in the Northern District of California does not provide sufficient authority for this court to reconsider its November 5, 2004 Memorandum Order dismissing this case. There is nothing to indicate the grounds upon which the court relied on in denying the defendants' *forum non conveniens* motion. In fact, the brief submitted to the court indicates that one of the defendants had not consented to being amenable to service of process in Mexico, the alternative forum. See Exhibit "C" to Plaintiffs' Motion for Relief from Judgment pgs. 2, 6. This fact alone would be reason for denying the motion because a forum is not available unless the defendant consents to the jurisdiction of the forum.

### Rule 60 Requirements Not Met

16.    Plaintiffs have not met the requirements for relief under Rule 60(b). There has been no demonstration of mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation or other misconduct by an adverse party. And, Plaintiffs have not

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM
THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT
THEREOF

demonstrated any other reason justifying relief from the operation of the judgment. Plaintiffs have not demonstrated that the judgment dismissing this case and allowing Plaintiffs to proceed in an available and adequate forum in Thailand was manifestly unjust. The Court did not commit any error of law in rendering its order dismissing this case. Assuming it had, that does not justify the relief sought by Plaintiffs because they could have challenged any such error by appeal. *See McMillan v. M Bank Fort Worth*, 4 F.3d 362, 367 (5th Cir. 1993).

17.    Plaintiffs rely on *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743 (5th Cir. 1995) and argue that their case presents extraordinary circumstances under Rule 60(b)(6). *Batts* held that a significant change in state decisional law did not constitute extraordinary circumstances to justify relief from the judgment. No relevant change of law has occurred since the Court's judgment. Plaintiffs have shown no extraordinary circumstances to justify relief from the judgment.

## CONCLUSION AND PRAYER

Based on the foregoing, Plaintiffs have not demonstrated sufficient grounds for the Court to reverse its previous judgment dismissing Plaintiffs complaint on grounds of *forum non conveniens*.

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT THEREOF

8

WHEREFORE, PREMISES CONSIDERED, Defendant Nicholas Bredimus prays that the Court deny Plaintiffs' Motion to Relieve Plaintiffs from the Court Judgment dated November 29, 2004.  Defendant also prays such other and further relief to which he may be entitled.

Respectfully submitted,

DANIEL SHEEHAN & ASSOCIATES, L.L.P.

2200 Ross Avenue, Suite 3060
Dallas, Texas 75201
Telephone:  (214) 468-8899
Telecopier:  (214) 468-8803

By: _____
Daniel J. Sheehan, Jr.
State Bar No. 18174500
John M. Phalen, Jr.
State Bar No. 15895300

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was forwarded via U.S. First class, certified mail, return receipt requested, to Raul H. Loya, Loya & Associates, Park Place on Turtle Creek, 2911 Turtle Creed Blvd., Suite 907, Dallas, Texas 75219, on this *24 TH* day of June, 2005.

_____
John M. Phalen, Jr.

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RELIEVE PLAINTIFF FROM THE COURT'S JUDGMENT DATED NOVEMBER 29, 2004 AND BRIEF IN SUPPORT THEREOF

9