UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMPA PUNYEE, on behalf of her minor child JOHN DOE, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:04-CV-0893-G |
| NICHOLAS BREDIMUS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiffs -- Ampa Punyee, on behalf of her minor child John Doe #1, Pongsri Surinpoa, on behalf of her minor child John Doe #2, and Pranom Seanmai, on behalf of his minor child John Doe #3 (collectively, the "plaintiffs") -- to relieve them from the court's judgment, dated November 29, 2004, dismissing the case on the basis of *forum non conveniens*. For the reasons discussed below, the plaintiffs' motion for reconsideration is denied.

I. BACKGROUND

The parents are the parents of minor children and resident citizens of Thailand. Plaintiffs' Original Complaint ("Complaint") ¶¶ 1-3; Plaintiffs' Motion to

Relieve Plaintiffs From This Court's Judgment Dated November 29, 2004, Dismissing the Complaint on Grounds of *Forum Non Conveniens* and Brief in Support Thereof ("Plaintiffs' Motion") at 1. The three minor children, on whose behalf this case is brought, allege that they are victims of Nicholas Bredimus ("Bredimus")'s intentional and deliberate sexual assault which resulted in severe physical and emotional injury to them. Plaintiffs' Motion at 1-2. On August 10, 2004, Bredimus filed a motion to dismiss on grounds of *forum non conveniens*. *Id*. at 2. The court granted Bredimus's motion on November 5, 2004, and entered judgment on November 29, 2004.[1] *Id*.

On June 7, 2005, the plaintiffs filed the instant motion seeking relief from this court's judgment pursuant to Federal Rule of Civil Procedure 60. *See generally* Plaintiffs' Motion. Raul Loya ("Loya"), counsel for the plaintiffs, visited Thailand and contends that no Thai attorney is willing to take this case because the maximum recovery under Thai law is approximately $25,000 in United States currency. *Id*. at 3; Affidavit of Attorney Raul Loya ("Loya Affidavit") ¶¶ 2-4, *attached to* Plaintiffs' Motion as Exhibit A. Additionally, Loya asserts that the Thai courts will not apply United States law if the case were filed in Thailand. *Id*. at 3; Loya Affidavit ¶ 6,

---

[1] Specifically, the court's judgment gave the plaintiffs 120 days to file a case in Thailand, required that Bredimus submit to jurisdiction in the Thai courts, and mandated that Bredimus agree that any final judgment rendered by the Thai courts would be entitled to full faith and credit in the United States. *See generally* Judgment (entered Nov. 29, 2004). This deadline was subsequently extended to June 6, 2005. *See* Order Granting Extension of Time (filed Feb. 3, 2005).

*attached to* Plaintiffs' Motion as Exhibit A.  The plaintiffs also aver that they have filed a first amended complaint seeking redress under 18 U.S.C. §§ 2255 and 2423 and that a *forum non conveniens* dismissal is inappropriate to such claims.[2]  *Id*. at 3.

## II.  ANALYSIS

### A.  Bredimus's Objections to the Affidavit of Raul Loya

Before considering the merits of the instant motion for reconsideration, the court will first consider the objections Bredimus has raised in regard to certain portions of the Loya Affidavit filed in support of the motion for reconsideration.[3]

Bredimus first objects to paragraph three of the Loya Affidavit, which states that Loya discovered the maximum recovery available to the plaintiffs is approximately one million Baht or $25,000 in United States currency.  Defendant's Response to Plaintiffs' Motion to Relieve Plaintiff From the Court's Judgment Dated November 29, 2004 and Brief in Support Thereof ("Bredimus's Response) ¶ 4.A.  Bredimus contends that this statement is not based on Loya's personal knowledge, is hearsay, and is an opinion which does not meet the requirements of Federal Rule of Evidence 702.  *Id*.  According to Federal Rule of Evidence 602, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that

---

[2]   Despite the fact the plaintiffs state that their first amended complaint was filed alongside the instant motion, no such filing has been made with the court.  *See* Docket Sheet.

[3]   Although Bredimus raised several objections to the Loya Affidavit in his responsive brief, the plaintiffs did not respond to any of the objections.

the witness has personal knowledge of the matter." FED. R. EVID. 602. In his affidavit, Loya stated that this statement and figure was based on his personal investigation in Thailand. *See* Loya Affidavit ¶ 3, *attached to* Plaintiffs' Motion as Exhibit A. Thus, Loya has articulated the basis for his personal knowledge. Further, since this evidence is not clearly hearsay nor clearly without foundation, it will be admitted. Bredimus's objections to paragraph three of the Loya Affidavit are denied.

Bredimus objects to paragraph four of the Loya Affidavit which states that one million Baht is a "relatively small sum by Thai standards." Bredimus's Response ¶ 4.B. Bredimus also objects to the statement that none of the referenced attorneys were interested in representing the plaintiffs in a lawsuit in Thailand due to the low recovery in Thai law. *Id*. Bredimus asserts that these statements are not based on personal knowledge and are hearsay. *Id*. Although Loya failed to clearly articulate the basis for his understanding of matters presumably outside of his personal knowledge, this will only go to the weight and not the admissibility of the evidence. Additionally, since the Loya's statements are not hearsay, they will be admitted. For this reason, Bredimus's objections to paragraph four of the Loya Affidavit are denied.

Bredimus objects to paragraph five of the Loya Affidavit which states that Justice Werasak Rungrat ("Justice Rungrat"), a member of the Supreme Court of Thailand, "mentioned that the personal injury case would in all probability be summarily dismissed." Loya Affidavit ¶ 5, *attached to* Plaintiffs' Motion as Exhibit A;

*see also* Bredimus's Response ¶ 4.C.  Bredimus contends that Loya has no personal knowledge concerning the matter and the statement is hearsay.  Bredimus's Response ¶ 4.C.  The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FED. R. EVID. 801(c).  The statement made by Justice Rungrat to Loya is unquestionably hearsay.  As a result, because no hearsay exceptions apply, this statement is inadmissible hearsay evidence and will not be considered by the court.  Bredimus's objection to paragraph five of the Loya Affidavit is granted.

Finally, Bredimus objects to paragraphs six and seven of the Loya Affidavit on the basis that Loya's conclusions are not the subject of proper expert testimony pursuant to Federal Rule of Evidence 702.  Bredimus's Response ¶ 4.D.  Bredimus claims that Loya is not qualified as an expert on Thai law by knowledge, skill, experience, training or education.  See *id*.  Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.  This standard essentially involves three elements.  First, the expert must demonstrate to the trial court that he or she is qualified -- "by knowledge, skill, experience, training, or education" -- to proffer an opinion.  See *id*.  Second, by referring to "scientific, technical, or other specialized knowledge," Rule 702 requires "evidentiary reliability" in the principles and methods underlying the expert's testimony.  See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-90 (1993); FED. R. EVID. 702.  Third, the expert's testimony must assist the trier of fact in that the testimony must "fit" the facts of the case.  See *Daubert*, 509 U.S. at 592-93.  Moreover,

> [t]he trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted.  The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded.

FED. R. EVID. 702 advisory committee's note.  In this case, the plaintiffs have not met the first element and thus, the court finds that Loya is not qualified as an expert.  His testimony is based on a one-week visit to Thailand and alleged conversations with two Thai lawyers and one judge.  Moreover, his testimony is neither based on sufficient facts or data, nor is the product of reliable principles.  Accordingly, the court finds that these paragraphs should be stricken and the remainder of Loya's affidavit is properly before the court.

B.  Motion for Reconsideration

The Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*." *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993).  Courts in the Fifth Circuit treat so-called motions to reconsider either as motions to alter or amend under Rule 59 or as motions for relief from judgment under Rule 60.  *Id*.  If the motion is served within ten days of the rendition of the judgment, it falls under Rule 59(e); if the motion is served after that time, it falls under Rule 60(b).  *Id*.; *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930 (1986).

In this case, because of the lapse of time since rendition of the judgment, the motion is governed by Rule 60(b).  See *Pryor v. U.S. Postal Service*, 769 F.2d 281, 285 (5th Cir. 1985).  Under Rule 60(b), a party may obtain relief from a final judgment or order in six circumstances:  where there is (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  *See* FED. R. CIV. P. 60(b).

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Texas Instruments, Inc. v. Hyundai Electronics Industries, Company Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) (quoting *Lupo v. Wyeth-Ayerst Laboratories*, 4 F. Supp. 2d 642, 643 (E.D. Tex. 1997)) (internal quotation marks omitted); see also *McNamara v. Bre-X Minerals Ltd.*, 68 F. Supp. 2d 759, 760-61 (E.D. Tex. 1999) (quoting *Waltman v. International Paper Company*, 875 F.2d 468, 473 (5th Cir. 1989)).  Such a motion is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corporation v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).  A motion for reconsideration based on recycled arguments serves only to waste the court's resources.  *Texas Instruments*, 50 F. Supp. 2d at 621.  Accordingly, the court expects litigants to advance their strongest case the first time the court considers the matter.  *Id*.

In the case at bar, the court finds that the plaintiffs have failed to meet the standards for Rule 60(b) relief.  In particular, they fail to articulate which of these subsections support the relief requested.  Nevertheless, the court assumes that the plaintiffs seek relief under subsections (b)(1) and (b)(6), for they have not demonstrated the existence of mistake, inadvertence, surprise, excusable neglect,

fraud, misrepresentation, or other misconduct by an adverse party. Additionally, the plaintiffs have not demonstrated that the judgment dismissing this case and allowing the plaintiffs to proceed in a Thai forum was manifestly unjust. The Fifth Circuit has held that Rule 60(b)(6) motions "'will be granted only if extraordinary circumstances are present.'" *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002) (citation omitted). The plaintiffs have failed to articulate any "extraordinary circumstances" to justify relief from this court's prior order. See, *e.g.*, *Batts v. Tow-Motor Forklift Company*, 66 F.3d 743, 749-51 (5th Cir. 1995) (holding that a significant change in state decisional law did not constitute extraordinary circumstances to justify relief from the judgment), *cert. denied*, 517 U.S. 1221 (1996). The only plausible argument the plaintiffs raise under Rule 60(b)(6) is that the amount they can ultimately recover in a Thai court renders that forum inadequate. This argument, however, is completely unavailing and contradicts well-established case law governing the doctrine of *forum non conveniens*. The fact that damages may be severely limited in the alternative forum or that all causes of action may not be available does not render the alternative forum inadequate. See, *e.g.*, *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 247, 255 and n.22 (1981) (noting that even though the alternative forum's substantive law may be less favorable to the plaintiffs, this should not be given substantial weight in *forum non conveniens* determinations and that where the alternative forum offers a remedy for the plaintiffs' claims, the foreign forum is

adequate); *Gonzalez v. Chrysler Corporation*, 301 F.3d 377, 379-80, 381-82 (5th Cir. 2002) (rejecting the contention that Mexico's severe limitation on damages and the unavailability of the theory of strict liability, even where a lawsuit may cease to be economically viable, rendered the forum inadequate), *cert. denied*, 538 U.S. 1012 (2003); *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 and n.4 (5th Cir. 2003) (holding that Mexico was an appropriate forum in spite of expert testimony that the law of Nuevo Leon limited wrongful liability to approximately $5,700 plus unspecified "moral damages" as compensation for mental anguish).  Therefore, although the plaintiffs may be limited to a maximum recovery of $25,000 in Thailand, this limit does not affect Thailand's adequacy as an alternative forum.  The plaintiffs have causes of action for the recovery of their alleged damages under Thai law and the relief available on these claims is not so negligible as to render the available remedy illusory.

      The plaintiffs have not revealed the existence of any likely ground for relief.  Rather, in their motion for reconsideration, the plaintiffs seek to rehash issues that have previously been briefed exhaustively by the parties and considered carefully by the court.  In short, the plaintiffs are attempting a second bite at the same issues that were already addressed by the parties and ruled upon by the court.  Another in-depth analysis of these issues would only serve to waste the resources of this court.

Consequently, the plaintiffs' motion to reconsider this court's prior ruling must be denied.[4]

### III. CONCLUSION

For the reasons stated above, the plaintiffs' motion for reconsideration is **DENIED**.

**SO ORDERED**.

July 29, 2005.

```
                              _____
                              A. JOE FISH
                              CHIEF JUDGE
```

---

[4] As mentioned above, the plaintiffs maintain that they filed a first amended complaint along with their motion for relief from judgment. However, the court need not consider that amended complaint at this time given that the court's prior ruling and judgment will remain in place.